IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NAOMI M. THWEATT, )
)
      Plaintiff, )
)
v. ) Case No. 3:18cv574–HEH
)
MEGAN J. BRENNAN, in her official )
capacity as POSTMASTER GENERAL, )
UNITED STATES POSTAL SERVICE, )
)
      Defendant. )

## MEMORANDUM OPINION
(Reviewing Defendant's Motion to Dismiss as a Motion for Summary Judgment and
Granting Summary Judgment for Defendant)

Naomi M. Thweatt (*pro se* "Plaintiff") filed this action against Megan J. Brennan ("Defendant") in her official capacity as Postmaster General of the United States Postal Service ("Postal Service"). Plaintiff's Complaint (ECF No. 5) alleges discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). This matter comes before the Court on Defendant's Motion to Dismiss (ECF No. 9), which contains a notice consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* E.D. Va. Local Civ. R. 7(K), as well as a supporting Memorandum of Law (ECF No. 10). Subsequently, Plaintiff filed a letter with the Court (ECF No. 11), which the Court construes as Plaintiff's Response in Opposition to the Motion to Dismiss. Accordingly, the Court finds this matter is ripe for review, and the Court will dispose of it without a hearing, *see* E.D. Va. Local Civ. R. 7(J). For the reasons detailed below, the Court has reviewed Defendant's Motion

1

as one for summary judgment and will grant summary judgment in Defendant's favor.

## I. BACKGROUND

Plaintiff is an African-American female who works as a mail clerk at the Postal Service's Richmond Processing and Distribution Center, located in Sandston, Virginia. (Compl. 3–4.) On August 29, 2017, Plaintiff contacted a Postal Service Equal Employment Opportunity ("EEO") counselor to initiate pre-complaint counseling. (Compl., Ex. 1 ("Pl.'s Ex."), ECF No. 5-1 at 29.) In her pre-complaint counseling, Plaintiff made three separate allegations: (1) on August 15, 2017, Plaintiff learned that she had not been paid for work on August 5, 2017 and August 11, 2017; (2) on August 22, 2017, Plaintiff's request for emergency annual leave ("EAL") was denied and she was marked as away without leave ("AWOL") for the hours she was absent; and (3) on an unspecified date, Plaintiff was taken off the clock for the last two hours of her tour. (Mem. Supp. Def.'s Mot., Ex. 1 ("Def.'s Ex. 1"), ECF No. 10-1 at 1.)[1]

On November 27, 2017, the Postal Service EEO counselor sent Plaintiff a letter (the "November 2017 letter") informing Plaintiff that there was no resolution to her counseling request, and, as a result, Plaintiff's inquiry would expire if she did not take further action. (*Id.*) In the alternative, Plaintiff could file a formal EEO complaint with the Postal Service's National EEO Investigative Services Office ("NEEOISO"). (*Id.*)

---

[1] Defendant has attached several exhibits to her Memorandum in Support that are not included in Plaintiff's Complaint. The Court will consider Defendant's exhibits because they are relevant to the resolution of this case and because Plaintiff has not disputed their accuracy in her Response in Opposition. Therefore, because the Court is considering information beyond the four corners of the Complaint, the Court will review Defendant's Motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d).

The November 2017 letter stated, "If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit." (*Id.*) Attached to the November 2017 letter, the EEO counselor provided Plaintiff with a Postal Service Form 2579-A, a "Notice of Right to File Individual Complaint," *id.* at 5, as well as Form 2565 for filing a "EEO Complaint of Discrimination in the Postal Service," *id.* at 3–4. Defendant has attached to her Memorandum in Support a Postal Service delivery confirmation, which was signed by Plaintiff, confirming that she received these materials on December 2, 2017. (Def.'s Ex. 2, ECF No. 10-2.)

On January 24, 2018, more than a month after Plaintiff received the November 2017 letter, Plaintiff sent a handwritten inquiry to the Postal Service, alleging she filed a formal complaint on December 11, 2017 and inquiring about its status ("January 2018 letter"). (Def.'s Ex. 3, ECF No. 10-3 at 1.) With the January 2018 letter, Plaintiff attached a copy of an unsigned Form 2565 ("formal EEO complaint" or "formal complaint")[2] and a signed Form 2579-A. (*Id.* at 2–3.) Both forms were dated

---

[2] The allegations in Plaintiff's formal complaint were different from the allegations that Plaintiff raised during her pre-complaint counseling. Plaintiff alleged: (1) on January 11, 2017, Plaintiff became aware that she did not receive holiday pay; (2) on May 11, 2017, Plaintiff's request for light duty was ignored; and (3) on September 8, 2017, Plaintiff was taken off the clock two hours before the end of her tour, even though she was still working. (Pl.'s Ex. 1 at 29.)

Regarding Plaintiff's allegation that she did not receive holiday pay, the NEEOISO concluded the claim should be "dismissed in accordance with 29 C.F.R. § 1614.107(a)(1)" because it was previously "pending before or has been decided by the agency or Commission." (Pl.'s Ex. at 34.) Specifically, Plaintiff had filed this claim in a separate complaint, which she withdrew on April 26, 2017. (*Id.* at 32.) To the extent that Plaintiff seeks to bring this claim in the current matter, it appears that a similar principle would bar that claim because she did not raise it at the beginning of the EEOC process. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("Only those discrimination claims stated in the

3

December 9, 2017. (*Id.*) The January 2018 letter and Plaintiff's formal complaint were postmarked on January 24, 2018, and the Postal Service NEEOISO received the items on January 29, 2018. (Def.'s Ex. 4, ECF No. 10-4.)

On February 14, 2018, the NEEOISO dismissed Plaintiff's formal EEO complaint because it was untimely filed after the 15-day deadline. (*Id.* at 29, 32–33.) The Notice of Dismissal stated, "The envelope containing your formal complaint contained a clear postmark of January 24, 2018, which was **53 days** *after* the last day of the period as per 29 C.F.R. 1614.604(d)." (*Id.* at 33 (emphasis in original).) Plaintiff appealed the Notification of Dismissal to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO"), and OFO affirmed the dismissal of Plaintiff's untimely formal complaint.

## II. STANDARD OF REVIEW

It is well established that "Title VII directs federal employees to exhaust administrative remedies before filing suit" in federal court. *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (citing *Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004)). However, this requirement does not deprive a federal court of subject matter jurisdiction in all cases. As the Supreme Court has stated, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and

---

initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996)).

4

equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 n.2 (4th Cir. 2009) (noting that the untimeliness of an administrative charge does not impact federal jurisdiction over a Title VII claim).

Applying these principles, "a motion to dismiss for failure to *timely* exhaust administrative remedies must be considered under Rule 12(b)(6) . . . or converted to a motion for summary judgment under Rule 56," if, as in this case, materials outside the pleadings are presented to and not excluded by the Court. *Stores v. Brennan*, No. 7:16-cv-88, 2016 WL 4939362, at *2 (W.D. Va. Sept. 14, 2016) (emphasis added) (first citing Fed. R. Civ. P. 12(d); then citing *Tewksbury v. Ottaway Newspapers, Inc.*, 192 F.3d 322, 325 n.1 (2d Cir. 1999) (converting defendant's motion to one for summary judgment where the defendant submitted material extrinsic to the complaint); and then citing *Rohan v. Networks Presentation LLC*, 175 F. Supp. 2d 806, 809 (D. Md. 2001) (same)). In addition, where a party has notice that a motion to dismiss may be treated as a motion for summary judgment, based upon the offering of exhibits beyond the pleadings, *see* Fed. R. Civ. P. 12(d), a court is not formally required to notify the parties that the motion will be treated as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Rule 56 of the Federal Rules of Civil Procedure states that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The relevant inquiry in summary judgment analysis is "whether the evidence

5

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The Court, in reviewing the matter, must view the facts in the light most favorable to the non-moving party. *See id.* at 255; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. ANALYSIS

Liberally construed, Plaintiff's *pro se* Complaint alleges claims of discrimination, retaliation, and hostile work environment, in violation of Title VII, as well as discrimination based upon an unspecified disability, in violation of the ADA. As previously stated, a federal employee must first exhaust her administrative remedies with the EEOC before filing a civil suit in federal court. *Iancu*, 912 F.3d at 699. Similarly, "the ADA incorporates [Title VII's] enforcement procedures," and requires a plaintiff to exhaust administrative remedies before pursuing a suit in federal court. *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012); *see also* 42 U.S.C § 2000e-16.

"Regulations promulgated by the [EEOC] establish the applicable administrative procedures that a federal employee must exhaust prior to filing suit." *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) (per curiam). These regulations require an aggrieved federal employee, who believes she has been subject to discrimination, to consult with an EEO counselor before filing a formal complaint with the agency. 29 C.F.R. § 1614.105(a). The consultation must occur within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved after a mandatory counseling period, then the employee must file a formal written complaint within 15 days

6

of receiving notice of the right to file a complaint from the EEO counselor. 29 C.F.R. § 1614.106(a)–(b). Failure to file a formal complaint within this period is grounds for the agency to dismiss the complaint. 29 C.F.R. § 1614.107(a)(2).

If the agency considers a formal EEO complaint that was untimely filed, that consideration does waive the government's ability to raise timeliness as an affirmative defense in federal court. *See, e.g., Pena*, 254 F.3d at 387; *Blount v. Shalala*, 199 F.3d 1326 (4th Cir. 1999) (per curiam) (citations omitted); *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997) ("Although agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint, we have suggested that if they not only accept and investigate a complaint, but also decide it on the merits—all without mentioning timeliness—their failure to raise the issue in the administrative process may lead to waiver of the defense when the complainant files suit.") (citations omitted).

In the current matter, both the Postal Service's NEEOISO and the OFO dismissed Plaintiff's formal complaint because it was filed outside the 15-day filing period. *See* 29 C.F.R. § 1614.106 (a)–(b). Consequently, Defendant also argues that Plaintiff's Complaint must be dismissed because it was untimely, and Defendant has proffered evidence that supports this conclusion—evidence that the Court has considered. Specifically, the Court has considered the Postal Service delivery confirmation, signed by Plaintiff, which shows that she received the "Notice of Right to File Individual Complaint" on December 2, 2017. (Def. Ex. 2.) Likewise, the Court gives weight to Defendant's Exhibit 4, which shows that Plaintiff did not send her formal EEO complaint

to the NEEOISO until January 24, 2018. Finally, the Court has considered the opinions of the Postal Service and the OFO, both of which dismissed Plaintiff's formal EEO complaint because it was untimely filed.

On the other side of the ledger, only Plaintiff's January 2018 letter—which is not a sworn statement—supports the possibility that Plaintiff timely filed her formal complaint. (*See* Def.'s Ex. 3.) Plaintiff has provided no affidavits, no sworn statements, and no other evidence to dispute Defendant's position that she failed to timely exhaust her administrative remedies. Plaintiff has also failed to offer any justification as to why the 15-day filing period should have been equitably tolled until January 24, 2018, when the Postal Service received Plaintiff's formal EEO complaint.

This absence of any persuasive evidence in Plaintiff's favor is particularly stark given the content of the *Roseboro* notice in Defendant's Motion. The notice stated in relevant part:

> In any response you file, you must identify all facts stated by the defendant with which you disagree and must set forth your version of the facts by offering *affidavits* (written statements signed before a notary public and under oath) or by filing *sworn statements* (bearing a certificate that is signed under penalty of perjury) of your own and of any other witness and/or by submitting other responsive materials, as appropriate.

(Def.'s Mot. 2 (emphasis added).) That notice also informed Plaintiff that Defendant's Motion could be dispositive and result in the dismissal of her claims. (*Id.*)

Plainly stated, the summary judgment standard requires a court to consider whether "*evidence* presents a sufficient disagreement" to submit a case to a jury, or whether the evidence is so "one-sided that one party must prevail as a matter of law."

8

*Anderson*, 477 U.S. at 251–52 (emphasis added). In the current matter, the evidence is sufficiently one-sided to warrant the Court finding in Defendant's favor.

## IV. CONCLUSION

Because Plaintiff has not provided any evidence to support a finding that her formal EEO complaint was timely, or to support a finding that it was subject to equitable tolling, the Court finds that Plaintiff failed to timely exhaust her administrative remedies. Therefore, Plaintiff's Complaint is time-barred, and the Court will grant summary judgment in favor of Defendant.[3] An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Feb. 5, 2019
Richmond, Virginia

---

[3] The Court need not address the remainder of Defendant's arguments offered under Rule 12(b)(6), which are well taken, because the Court has considered Defendant's Motion under Rule 56 of the Federal Rules of Civil Procedure.